UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA for the
use and benefit of CENTURY FIRE, INC.,
a Florida corporation,

    Plaintiff,

v.

SIEMENS INDUSTRY, INC., a foreign
corporation, FEDERAL INSURANCE
COMPANY, a foreign corporation, FIDELITY
AND DEPOSIT COMPANY OF MARYLAND,
a foreign corporation, HENSEL PHELPS
CONSTRUCTION CO., a foreign corporation,
TRAVELERS CASUALTY AND SURETY
COMPANY, a foreign corporation,

    Defendants.
_____/

Case No.:

6-13-CV-1495-31DAB

## COMPLAINT

Plaintiff, UNITED STATES OF AMERICA, for the use and benefit of CENTURY FIRE, INC. ("CENTURY FIRE"), a Florida corporation, by and through its undersigned counsel, sues Defendants, SIEMENS INDUSTRY, INC. ("SIEMENS"), a foreign corporation, FEDERAL INSURANCE COMPANY ("FEDERAL"), a foreign corporation, FIDELITY AND DEPOSIT COMPANY OF MARYLAND ("FIDELITY"), a foreign corporation, HENSEL PHELPS CONSTRUCTION CO. ("HENSEL PHELPS"), a foreign corporation, and TRAVELERS CASUALTY AND SURETY COMPANY ("TRAVELERS"), a foreign corporation, and alleges as follows:

1. This is an action to recover monies owed a sub-subcontractor and to recover under the Miller Act, 40 U.S.C. §3131 et seq.

**Parties**

2. CENTURY FIRE is a Florida corporation with its principal place of business in Miami-Dade County, Florida.

3. SIEMENS is a foreign corporation with its principal place of business in Illinois. SIEMENS is authorized to do business, and does business, in Florida, and is subject to this Court's in personam jurisdiction.

4. FEDERAL is a foreign corporation with its principal place of business in Indiana. FEDERAL is authorized to do business, and does business, in Florida, and is subject to this Court's in personam jurisdiction.

5. FIDELITY is a foreign corporation with its principal place of business in Illinois. FIDELITY is authorized to do business, and does business, in Florida, and is subject to this Court's in personam jurisdiction.

6. HENSEL PHELPS is a foreign corporation with its principal place of business in Colorado. HENSEL PHELPS is authorized to do business, and does business, in Florida, and is subject to this Court's in personam jurisdiction.

7. TRAVELERS is a foreign corporation with its principal place of business in Connecticut. TRAVELERS is authorized to do business, and does business, in Florida, and is subject to this Court's in personam jurisdiction.

## Subject Matter Jurisdiction and Venue

8. This Court has exclusive jurisdiction over Count III, pursuant to 40 U.S.C. § 3133 because Count III is an action to recover on a bond pursuant to the Miller Act. This Court has supplemental jurisdiction over Counts I, II, IV and V pursuant to 28 U.S.C. § 1367 because Counts I, II, IV and V are so related to Count III that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this Court under 40 U.S.C. § 3133(b)(3)(B) because the sub-subcontract was to be performed within the Middle District of Florida, and under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim arose in Brevard County, Florida, and the project giving rise to this matter is located at Patrick Air Force Base, Brevard County, Florida.

## General Allegations

10. On or about June 8, 2011, HENSEL PHELPS entered into a prime contract with the Department of Air Force/U.S. Army Corps of Engineers (hereinafter "Owner") for the improvement of property known as the Air Force Technical Applications Center at Patrick Air Force Base (hereinafter the "Property" or "Project").

11. In connection with the prime contract, and pursuant to 40 U.S.C. § 3133, HENSEL PHELPS, as principal, and TRAVELERS, as surety, executed and delivered their Payment Bond (hereinafter "Hensel Phelps Payment Bond") for said improvements to the Owner. CENTURY FIRE made demand upon HENSEL PHELPS and others for a copy of the Hensel Phelps Payment Bond. A true and correct copy of the Hensel Phelps Payment

Bond provided to CENTURY FIRE in response to its demand is attached hereto as <u>Exhibit "A"</u>.

12.     On or about October 3, 2011, HENSEL PHELPS and SIEMENS entered into a Subcontract Agreement (hereinafter "Subcontract") under which SIEMENS agreed to furnish a portion of HENSEL PHELPS' work under the prime contract consisting generally of fire protection and fire detection work.

13.     In connection with the Subcontract, SIEMENS, as principal, and FEDERAL and FIDELITY, as sureties, executed and delivered their Payment Bond (hereinafter "Siemens Payment Bond") for said improvements to HENSEL PHELPS. A true and correct copy of the Siemens Payment Bond is attached hereto as <u>Exhibit "B"</u>.

14.     On or about October 12, 2011, pursuant to SIEMENS' request, CENTURY FIRE submitted a proposal to SIEMENS to supply and install fire protection work for the Project. A true and correct copy of CENTURY FIRE's October 12, 2011 Proposal is attached hereto as <u>Exhibit "C"</u>.

15.     SIEMENS directed CENTURY FIRE to proceed with its work and, in November 2011, CENTURY FIRE commenced furnishing the fire protection work for the Project pursuant to the terms of its Proposal. SIEMENS knew that CENTURY FIRE commenced furnishing, and continued to furnish, the fire protection work described in the Proposal on the Project. SIEMENS paid CENTURY FIRE for the fire protection work furnished through October 2012. Consequently, SIEMENS accepted CENTURY FIRE's Proposal which terms constitute the Sub-Subcontract between SIEMENS and CENTURY FIRE.

### Count I
### Breach of Sub-Subcontract
### (Against SIEMENS)

16. CENTURY FIRE realleges the allegations of paragraphs 1 through 15 above.

17. CENTURY FIRE satisfactorily provided labor and materials for the fire protection scope of work pursuant to its Sub-Subcontract.

18. Notwithstanding, CENTURY FIRE's satisfactory performance, SIEMENS failed to fully pay CENTURY FIRE for its work.

19. On January 24, 2013, SIEMENS wrongfully terminated CENTURY FIRE for the remaining portion of work under the Sub-Subcontract.

20. SIEMENS materially breached the Sub-Subcontract by failing to pay CENTURY FIRE under the Sub-Subcontract and by wrongfully terminating CENTURY FIRE.

21. As a direct and proximate result of SIEMENS' material breaches, CENTURY FIRE has been damaged.

22. CENTURY FIRE remains unpaid $277,940.81 for fire protection work it furnished to the Project, which includes $21,000.00 for extra design costs and $12,940.81 for additional work furnished in the CUP Building.

23. In addition, as a result of SIEMENS' wrongful termination of CENTURY FIRE, CENTURY FIRE is entitled to recover the profits it lost on the work it was prevented from performing.

24. Pursuant to the Sub-Subcontract, the prevailing party in any action to enforce rights under the Sub-Subcontract is entitled to an award of its reasonable attorneys' fees and costs.

25. CENTURY FIRE has retained the law firm of Ciklin Lubitz Martens & O'Connell to represent it in this matter and is obligated to pay it a reasonable fee for its services.

26. All conditions precedent to the commencement of this action have been satisfied, performed, waived or excused.

WHEREFORE, CENTURY FIRE demands judgment against SIEMENS for damages, prejudgment and post-judgment interest, attorneys' fees, costs, and any such other and further relief as this Court deems just and proper.

### Count II
### Common Law Payment Bond Claim
### (Against SIEMENS, FEDERAL and FIDELITY)

27. CENTURY FIRE realleges the allegations of paragraphs 1 through 15, and 17 through 22, above.

28. CENTURY FIRE has demanded SIEMENS, FEDERAL and FIDELITY pay the monies due under the Siemens Payment Bond.

29. Notwithstanding CENTURY FIRE's demands for monies due, SIEMENS, FEDERAL and FIDELITY have failed to pay.

30. As a direct and proximate result of SIEMENS', FEDERAL's and FIDELITY's failure to pay monies due under the Siemens Payment Bond, CENTURY FIRE has been damaged.

31. SIEMENS, FEDERAL and FIDELITY are jointly and severally liable for the $277,940.81 under the terms of the Siemens Payment Bond.

32. CENTURY FIRE last provided labor, materials and services on the Project on January 24, 2013.

33. On or about April 16, 2013, CENTURY FIRE provided notice to SIEMENS, FEDERAL and FIDELITY. A copy of CENTURY FIRE's notice to SIEMENS, FEDERAL and FIDELITY is attached hereto as <u>Exhibit "D"</u>.

34. Pursuant to Florida Statutes §627.428 and §627.756, CENTURY FIRE is entitled to an award of its reasonable attorneys' fees and costs for prosecuting this action, should it prevail.

35. CENTURY FIRE has retained the law firm of Ciklin Lubitz Martens & O'Connell to represent it in this matter and is obligated to pay it a reasonable fee for its services.

36. All conditions precedent to the commencement of this action have been satisfied, performed, waived or excused.

WHEREFORE, CENTURY FIRE demands judgment against SIEMENS, FEDERAL and FIDELITY for damages, prejudgment and post-judgment interest, attorneys' fees, costs, and any such other and further relief as this Court deems just and proper.

### Count III
### Miller Act Claim
### (Against HENSEL PHELPS and TRAVELERS)

37. CENTURY FIRE realleges the allegations of paragraphs 1 through 15, and 17 through 22, above.

38. CENTURY FIRE has demanded HENSEL PHELPS and TRAVELERS pay the monies due under the Hensel Phelps Payment Bond.

39. Notwithstanding CENTURY FIRE's demands for monies due, HENSEL PHELPS and TRAVELERS have failed to pay.

40. As a direct and proximate result of HENSEL PHELPS' and TRAVELERS' failure to pay monies due under the Hensel Phelps Payment Bond, CENTURY FIRE has been damaged.

41. HENSEL PHELPS and TRAVELERS are jointly and severally liable for the $277,940.81 under the terms of the Hensel Phelps Payment Bond.

42. CENTURY FIRE last provided labor, materials and services on the Project on January 24, 2013.

43. On or about February 26, 2013, CENTURY FIRE timely provided notice of non-payment to HENSEL PHELPS in accordance with 40 U.S.C. § 3133(b)(2) "within 90 days from the date on which [CENTURY FIRE] did or performed the last of the labor or furnished or supplied the last of the material for which the claim is made." On or about March 11, 2013, CENTURY FIRE timely provided notice of non-payment to HENSEL PHELPS and TRAVELERS. True and correct copies of CENTURY FIRE's Notice of Non-Payment to HENSEL PHELPS and CENTURY FIRE's Amended Notice of Non-Payment to HENSEL PHELPS and TRAVELERS are attached hereto as Composite Exhibit "E".

44. CENTURY FIRE has timely filed the subject Miller Act action in accordance with 40 U.S.C. § 3133(4) "no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action."

45. All conditions precedent to the commencement of this action have been satisfied, performed, waived or excused.

WHEREFORE, CENTURY FIRE demands judgment against HENSEL PHELPS and TRAVELERS for damages, prejudgment and post-judgment interest, costs, and any such other and further relief as this Court deems just and proper.

### Count IV
### Quantum Meruit
### (Against SIEMENS)

46. CENTURY FIRE realleges the allegations of paragraphs 1 through 10, and 12 above.

47. On or about October 12, 2011, pursuant to SIEMENS' request, CENTURY FIRE submitted a proposal to SIEMENS to supply and install fire protection work for the Project. A true and correct copy of CENTURY FIRE's October 12, 2011 Proposal is attached hereto as Exhibit "C".

48. SIEMENS requested CENTURY FIRE to perform the work described in CENTURY FIRE's Proposal.

49. The reasonable value of work performed by CENTURY FIRE on the Project pursuant to SIEMENS' request which remains unpaid is $277,940.81.

50. All conditions precedent to the commencement of this action have been satisfied, performed, waived or excused.

WHEREFORE, CENTURY FIRE demands judgment against SIEMENS for damages, prejudgment and post-judgment interest, costs, and any such other and further relief as this Court deems just and proper.

## Count V
## Unjust Enrichment
## (Against SIEMENS)

51. CENTURY FIRE realleges the allegations of paragraphs 1 through 10, and 12 above.

52. CENTURY FIRE supplied and installed fire protection work for the Project pursuant to SIEMENS direction.

53. CENTURY FIRE has conferred a benefit upon SIEMENS by its performance of the fire protection work.

54. SIEMENS received and accepted the benefit of CENTURY FIRE's labor, services and materials furnished to the Project in order to complete a portion of SIEMENS' scope of work in its Subcontract with HENSEL PHELPS.

55. SIEMENS knew and understood that CENTURY FIRE expected to be paid for its labor, services and materials.

56. SIEMENS has retained the benefit and value of CENTURY FIRE's labor, services and materials without paying the reasonable value thereof.

57. SIEMENS would be unjustly enriched under the circumstances if it is permitted to retain the benefit and value of CENTURY FIRE's labor, services and materials, without paying the reasonable value thereof. The reasonable value of CENTURY FIRE's labor, services and materials which remains unpaid is $277,940.81.

58. All conditions precedent to the commencement of this action have been satisfied, performed, waived or excused.

WHEREFORE, CENTURY FIRE demands judgment against SIEMENS for damages, prejudgment and post-judgment interest, costs, and any such other and further relief as this Court deems just and proper.

Dated this __25__ day of September, 2013.

                              CIKLIN LUBITZ MARTENS & O'CONNELL

By: *Kevin D. Wilkinson*
Kevin D. Wilkinson, Esq., Trial Counsel
Fla. Bar No.: 332100
E-mail: kwilkinson@ciklinlubitz.com
515 N. Flagler Drive, 20th Floor
West Palm Beach, Florida 33401
Tel: (561) 832-5900
Fax: (561) 833-4209

Attorneys for Plaintiff